IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| Daniel G. Schram, Jr., | ) | C/A No. 2:25-CV-04118-RMG-MGB |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Kristin Graziano and Ralph Herzler, | ) | |
| | ) | |
| DEFENDANTS. | ) | |
| | ) | |

Plaintiff Daniel G. Schram, Jr. ("Plaintiff"), through counsel, brings this civil action alleging causes of action under 42 U.S.C. § 1983 and state law. (Dkt. No. 1-1.) Before the Court is Defendants' Motion to Dismiss. (Dkt. No.4.) All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d), DSC. For the reasons set forth below, the undersigned recommends Defendants' Motion be granted in part and denied in part.

**BACKGROUND**

This civil action arises out of Plaintiff's alleged unlawful arrest on April 26, 2023. (Dkt. No. 1-1 at 4.) Plaintiff alleges that while "lawfully driving" in Mount Pleasant, South Carolina, he was stopped by Defendant Ralph Herzler, a Deputy with the Charleston County Sheriff's Department. (*Id*. at 2, 4.) Plaintiff "peacefully submitted" to Herzler's request for Plaintiff to submit to a breath alcohol analysis test. (*Id*. at 4.) Plaintiff alleges that the "official test results" showed "no indication of alcohol coming from Plaintiff's breath, as the test indicated '0.00.'" (*Id*.) According to Plaintiff, Herzler "baselessly and carelessly decided to arrest Plaintiff for Driving Under the Influence of Alcohol" after Herzler "concluded and comprehended the test results." (*Id*.)

1

Plaintiff alleges that Defendant Kristin Graziano, in her capacity as Sheriff of the Charleston County Sheriff's Department, "had responsibility for the management and operation of their deputies pursuant to the South Carolina Tort Claims Act." (*Id*. at 1.)

The Complaint alleges a § 1983 claim against Defendant Herzler for violation of Plaintiffs' rights under the Fourth and Fourteenth Amendments. (*Id.* at 5.) The Complaint also alleges state law claims against both Defendants Herzler and Graziano for gross negligence and recklessness, intentional infliction of emotional distress, and defamation/defamation per se. (*Id*. at 6–8.)

This action was removed to federal court from the Court of Common Pleas for Charleston County on May 16, 2025. (Dkt. No. 1.) On May 23, 2025, Defendants Herzler and Graziano ("Defendants") filed a Motion to Dismiss. (Dkt. No. 4.) The Motion seeks the dismissal of any federal claims brought against Defendants in their official capacities and the dismissal of all state law claims. Plaintiff filed a response in opposition on June 6, 2025 (Dkt. No. 8), to which Defendants replied on June 13, 2025 (Dkt. No. 9.) The Motion has been fully briefed and is ripe for review.

## STANDARD OF REVIEW

On a motion to dismiss pursuant to Rule 12(b)(6), a "complaint must be dismissed if it does not allege 'enough facts to state a claim to relief that is plausible on its face.'"[1] *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "In reviewing a motion to dismiss an action pursuant to Rule 12(b)(6) . . . [a court] must determine whether it is plausible that the factual allegations in the complaint are 'enough to

---

[1] Here, the undersigned notes Defendants' clarification that they "have not moved to dismiss the Complaint for failure to state a claim." (Dkt. No. 9 at 6.) Accordingly, the undersigned limits the analysis in this Report and Recommendation to the specific arguments for dismissal presented by Defendants.

2

raise a right to relief above the speculative level.'" *Andrew v. Clark*, 561 F.3d 261, 266 (4th Cir. 2009) (quoting Twombly, 550 U.S. at 555). "A plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).

## **DISCUSSION**

In their Motion, Defendants argue: (1) Defendants are entitled to Eleventh Amendment immunity as any § 1983 claims brought against them in their official capacities; (2) Defendants are not proper parties for Plaintiff's state law claims under the South Carolina Tort Claims Act ("SCTCA"); and (3) Plaintiff's state law claim for intentional infliction of emotional distress is not a permitted cause of action under the SCTCA.

### A.     **Eleventh Amendment Immunity**

Defendants first argue that they are entitled to Eleventh Amendment immunity as to any claims brought against them in their official capacities. (Dkt. No. 4-1 at 2–5.) As discussed above, the Complaint asserts a § 1983 claim against Herzler only. (Dkt. No. 1-1 at 5.) The Complaint does not appear to allege any § 1983 official capacity claim, as it states "Herzler is sued in his individual capacity for compensatory, punitive damages, and attorney's fees under Federal law." (*Id.* at 3, 5.) Based on his response brief, however, Plaintiff appears to argue that the Complaint brings § 1983 claims against both Defendants in their official capacities and seeks prospective injunctive relief. (Dkt. No. 8 at 2–4.) In an abundance of caution, the undersigned considers Defendants' Eleventh Amendment immunity argument, even though the Complaint does not expressly allege any official capacity § 1983 claims against them.

3

Under the Eleventh Amendment, federal courts are barred from hearing claims against a state or its agents, instrumentalities, and employees, unless the state has consented to the suit. *Fauconier v. Clarke*, 966 F.3d 265, 279 (4th Cir. 2020); *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997) ("It has long been settled that [the Eleventh Amendment's] reference to 'actions against one of the United States' encompasses not only actions in which a State is actually named as the defendant, but also certain actions against state agents and state instrumentalities."). This immunity extends to "arm[s] of the State," *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977), including state agencies and state officers acting in their official capacity. *Gray v. Laws*, 51 F.3d 426, 430 (4th Cir. 1995).

"Sheriff's Departments in South Carolina are state agencies, not municipal departments." *Childress v. Charleston Cnty. Sheriff's Off.*, No. 2:13-cv-1008-SB, 2013 WL 3270642, at *4 (D.S.C. June 26, 2013) (collecting cases), *aff'd*, 540 F. App'x 191 (4th Cir. 2013); *see Brooks v. Berkeley Cnty. Sheriff's Off.*, No. 2:21-cv-4054-BHH-KDW, 2022 WL 18635126, at *3 (D.S.C. Sept. 1, 2022) (recommending dismissal of sheriff's department because it is considered a state agency, "and as such, [it is] entitled to sovereign immunity"), *adopted by*, 2023 WL 142394 (D.S.C. Jan. 10, 2023). Therefore, the individual Defendants are state agents, and they enjoy Eleventh Amendment immunity when sued for damages in their official capacities in federal court.[2] *See Childress v. City of N. Charleston*, No. 2:21-cv-02843-DCN-MGB, 2021 WL 9553006, at *4 (D.S.C. Dec. 6, 2021) ("The Fourth Circuit and courts within this district have long held that

---

[2] While Plaintiff summarily argues that Eleventh Amendment immunity is improper because "Defendants offer no evidence that a judgment against them in their official capacities would be paid from the state treasury" (Dkt. No. 8 at 3), courts in this district have rejected such an argument. *See Albright v. Berkeley Cnty. Sheriff's Off.*, No. 2:24-cv-03260-RMG-MGB, 2024 WL 4186085, at *4 (D.S.C. July 10, 2024) (rejecting argument that "Defendants cannot be considered 'arms of the state' because the state treasury is not responsible for paying any judgment that might be awarded against them"), *adopted by*, 2024 WL 3633654 (D.S.C. Aug. 1, 2024).

4

sheriffs in South Carolina are state officials for purposes of Eleventh Amendment immunity."), *adopted by*, 2022 WL 4376865 (D.S.C. Sept. 22, 2022).

While the Supreme Court has permitted claims for prospective injunctive relief against state officials in their official capacities, *see Ex Parte Young*, 209 U.S. 123, 155–56 (1908), the instant Complaint does not seek prospective injunctive relief or otherwise make any allegations that would support such a claim. *See Smith v. City of Huntington*, No. 3:17-cv-03806, 2017 WL 5180456, at *3 (S.D.W. Va. Sept. 28, 2017) ("The *Ex Parte Young* exception is directed at officers of the state [who] are clothed with some duty in regard to the enforcement of the laws of the state, and who threaten and are about to commence proceedings to enforce an unconstitutional act against affected parties. . . . Thus, to correctly plead such a claim, the proper State official must be included as a defendant by name and identified in the body of the complaint with a specific unconstitutional policy, custom, or practice.") (internal quotations and citations omitted), *adopted sub nom. Smith v. City of Huntignto*n, 2017 WL 5180437 (S.D.W. Va. Nov. 8, 2017).

Notably, by voluntarily removing a case to federal court, a defendant waives any immunity from suit in federal court with respect to any claims it otherwise would have been subject to in state court. *Lapides v. Board of Regents of the University System of Georgia*, 535 U.S. 613, 619 (2002) ("A State's voluntary appearance in federal court waives sovereign immunity for claims where a state has consented to suit in its own courts for such claims); *see also Cameron v. Cox*, No. 10-cv-1278-HFF-SVH, 2011 WL 1235308, at * 4 (D.S.C. Jan. 21, 2011), *adopted by*, 2011 WL 1212177 (D.S.C. Mar. 30, 2011). Through enactment of the SCTCA, South Carolina has generally consented to suit for tort claims filed against it in state court. *Briggs v. South Carolina Dept. of Corrections*, No. 13-cv-1348-RMG, 2014 WL 1278173 at *21 (D.S.C. Mar. 27, 2014).

Such voluntary removal does not waive a defendant's immunity to any § 1983 claims, however. *See Passaro v. Virginia*, 935 F.3d 243, 248 (4th Cir. 2019) (rejecting argument that the Commonwealth waived its sovereign immunity to a Title I claim by removing case to federal court); *Land v. Barlow*, No. 2:21-cv-01883-RMG-MHC, 2021 WL 6495298, at *4 (D.S.C. Nov. 17, 2021) (rejecting argument that "by removing the case to federal court, . . . [defendant] waived sovereign immunity"; "Because South Carolina has not consented to a § 1983 suit in state court, such a suit is barred in federal court, even following removal."), *adopted by*, 2021 WL 5997984 (D.S.C. Dec. 20, 2021).

Based on the foregoing, the undersigned recommends that the Eleventh Amendment bars any § 1983 claims alleged against Defendants in their official capacities[3]—only Plaintiff's § 1983 individual capacity claim against Herzler should proceed.[4] Additionally, Plaintiff's state law claims are not barred by Eleventh Amendment immunity.

B.      **The Scope of the SCTCA**

Defendants also argue that they are not proper parties for Plaintiff's state law claims under the SCTCA. (Dkt. No. 4-1 at 5–6.) Relevant here, the Complaint alleges state law claims against Defendants for gross negligence and recklessness, intentional infliction of emotional distress, and defamation/defamation per se. The SCTCA is the exclusive remedy for individuals suing government employees acting within the scope of their employment. S.C. Code Ann. § 15-78-

---

[3] Though "[t]he Fourth Circuit has yet to decide 'whether a dismissal on Eleventh Amendment immunity grounds is a dismissal for failure to state a claim under Rule 12(b)(6) or a dismissal for lack of subject matter jurisdiction under Rule 12(b)(1)[,]'" *see Riddick v. Watson*, 503 F. Supp. 3d 399, 411 n.8 (E.D. Va. 2020) (quoting *Andrews v. Daw*, 201 F.3d 521, 525 n.2 (4th Cir. 2000)), courts in this district have treated this basis as arising under Rule 12(b)(6). *See Tucker v. Price*, No. 4:22-cv-01861-MGL-MHC, 2023 WL 7168684, at *4 n.6 (D.S.C. Sept. 21, 2023) (recommending dismissal on Eleventh Amendment grounds pursuant to Rule 12(b)(6)), *adopted by*, 2023 WL 7166244 (D.S.C. Oct. 27, 2023).

[4] Defendants do not argue for the dismissal of Plaintiff's § 1983 individual capacity claim against Herzler.

6

70(a). The SCTCA specifies that "[i]n the event that the employee is individually named, the agency or political subdivision for which the employee was acting must be substituted as a party defendant." S.C. Code Ann. § 15–78–70(c). The statute covers employee conduct insofar as it is not "outside the scope of his official duties or which constitutes actual fraud, actual malice, intent to harm, or a crime involving moral turpitude." S.C. Code Ann. § 15–78–60; *see also* S.C. Code § 15–78–70(b); *Smith v. Ozmint*, 394 F. Supp. 2d 787, 792 (D.S.C. 2005) (holding "a state employee can, in these limited circumstances, be held personally liable by a federal court for some intentional torts committed within the scope of his employment"); *Roberts v. City of Forest Acres*, 902 F. Supp. 662, 671 (D.S.C. 1995) (noting that an employee of a government entity is personally liable for a tort, only when the employee's conduct falls within the exceptions listed in § 15-78-70(b)).

      Here, Plaintiff argues that the Complaint "has invoked the [SCTCA's] exceptions by alleging deliberate and malicious behavior by Defendants." (Dkt. No. 8 at 8.) Upon review, the undersigned finds Plaintiff has sufficiently alleged conduct by Defendant Herzler such that the protections of the SCTCA are inapplicable to Plaintiff's claims against him for intentional infliction of emotional distress and defamation. More specifically, the Complaint alleges Herzler wrongly arrested Plaintiff for a DUI, and "Defendants intentionally or recklessly inflicted severe emotional distress on the Plaintiff." (Dkt. No. 1-1 at 4, 6.) Under the defamation/defamation per se claim, the Complaint alleges "Herzler wrongfully accus[ed] Plaintiff of a crime without any proof or evidence," and Defendants made "statements [that] were unprivileged publications to a third party with actual or implied malice." (Dkt. No. 1-1 at 7.) Here, the factual allegations in the Complaint indicate only Herzler was actually involved in the events giving rise to these state law

7

claims. Accordingly, the Court recommends Plaintiff has provided sufficient allegations only against Herzler that would take the claims for intentional infliction of emotional distress and defamation outside the SCTCA such that he could be held personally liable, and these claims should be dismissed as to Graziano.[5] *See Tyler W. Hedgepath, v. E. Richland Cnty. Pub. Serv. Dist.*, No. 3:21-cv-01705-JMC, 2022 WL 673741, at *2 (D.S.C. Mar. 7, 2022) ("Here, Plaintiff alleges that 'Defendants intentionally or recklessly inflicted severe emotional distress upon Plaintiff.' . . . Thus, Plaintiff's claim for intentional infliction of emotional distress against the Management Defendants in their individual capacities is not necessarily barred by the SCTCA."); *James v. Richland Cnty. Recreation Comm'n*, No. 3:16-cv-1008-MGL-TER, 2016 WL 6892806, at *4 (D.S.C. Nov. 1, 2016) ("Plaintiff alleges that Defendant Brown made the alleged defamatory statements with 'malicious intent to harm,' . . . . Here, Plaintiff has provided sufficient factual allegations of actual malice to state a claim that would take the defamation cause of action outside the SCTCA such that Brown could be held personally liable."), *adopted by*, 2016 WL 6892165 (D.S.C. Nov. 22, 2016); *see also Lewis v. City of N. Charleston*, No. 220-cv-03863-DCN-MGB, 2021 WL 11448441, at *3 (D.S.C. Mar. 8, 2021) (considering state law claims brought against multiple individual defendants and finding those claims should survive only where they contained allegations indicating the specific defendant "acted within the scope of § 15-78-70(b)").

　　Turning to Plaintiff's claim for gross negligence and recklessness, there are no allegations of maliciousness and/or intent to harm under this cause of action or elsewhere in the factual

---

[5] As noted above, Defendants separately argue that Plaintiff's claim for intentional infliction of emotional distress should be dismissed because "the SCTCA does not allow a plaintiff to recover" for this claim. (Dkt. No. 4-1 at 6.) Because the undersigned has found Plaintiff's claim for intentional infliction of emotional distress against Herzler falls outside the scope of the SCTCA, S.C. Code Ann. § 15-78-30(f) is not applicable here. *See* § 15-78-30(f) ("'Loss' . . . does not include the intentional infliction of emotional harm").

allegations that support finding Defendants' conduct was sufficient to fall outside of the official capacity restrictions of the SCTCA. (Dkt. No. 1-1 at 6.) Accordingly, Plaintiff's claim for gross negligence and recklessness does not fall under the provisions of § 15-78-70(b), and Defendants are immune from suit for this claim under the SCTCA. *See Beaufort v. Thompson*, No. 2:20-cv-01197-DCN-MGB, 2021 WL 11132800, at *3 (D.S.C. Apr. 21, 2021) (finding plaintiff "cannot plausibly allege malice or intent to harm with respect to his negligence/gross negligence claims because those claims 'necessarily lack the requisite element of intent [to harm].'"). The Charleston County Sheriff's Department, the governmental agency that employs Defendants, should therefore be substituted as the defendant for this claim. *See* S.C. Code Ann. § 15-78-70(c).

## CONCLUSION

For the foregoing reasons, the undersigned recommends that Defendants' Motion to Dismiss (Dkt. No. 4) be GRANTED IN PART AND DENIED IN PART. Specifically, Defendant Graziano should be dismissed from this action. While Plaintiff's § 1983 official capacity claim against Herzler should be dismissed, Plaintiff's § 1983 individual capacity claim against Herzler should proceed, as well as Plaintiff's state law claims against Herzler for intentional infliction of emotional distress and defamation. Plaintiff's claim for gross negligence and recklessness should be dismissed against Herzler, and the Charleston County Sheriff's Department should be substituted as the defendant for this claim.

**IT IS SO RECOMMENDED.**

July 14, 2025

Charleston, South Carolina

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).