**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF SOUTH CAROLINA**
**CHARLESTON DIVISION**

| | |
|---|---|
| Daniel G. Schram, Jr., <br><br> Plaintiff, <br> v. <br><br> Kristin Graziano and Ralph Herzler, <br><br> Defendants. | Case No. 2:25-cv-4118-RMG <br><br><br> **ORDER AND OPINION** |

Before the Court is the Report and Recommendation ("R&R") of the Magistrate Judge recommending that Defendants' Motion to Dismiss (Dkt. No. 4) be granted in part and denied in part. (Dkt. No. 17). Defendant Ralph Herzler objects to the R&R. (Dkt. No. 18). For the reasons set forth below, the Court grants in part and denies in part Defendants' motion.

**I.    Background**

Plaintiff brings claims under 42 U.S.C. § 1983 against Defendant Herzler, in his official capacity as a Deputy with the Charleston County Sheriff's Department as well as in his individual capacity, and against Defendant Graziano, in her official capacity as Sheriff of the Charleston County Sheriff's Department, arising out of Plaintiffs arrest on April 26, 2023. (*See generally* Dkt. No. 1-1). Plaintiff claims that he was "lawfully driving in Mount Pleasant, South Carolina" when he was stopped by Defendant Herzler and required to submit to a breath alcohol analysis test. (*Id.*, ¶¶ 12-13). He alleges that Defendant Herzler "baselessly and carelessly decided to arrest Plaintiff for Driving Under the Influence of Alcohol" despite the test detecting no alcohol on his breath. (*Id.*, ¶ 17). Plaintiff brings suit alleging that Defendant Herzler violated his Fourth and Fourteenth Amendment rights in making the unlawful arrest and also brings claims of gross negligence and recklessness, intentional infliction of emotional distress and defamation against both Defendants.

1

(*See generally* Dkt. No. 1-1). Plaintiff brings his claims against Defendant Graziano under a theory of respondeat superior. (*Id.*, ¶ 8).

The Magistrate Judge recommends granting Defendants' motion to dismiss in part and denying it in part. (Dkt. No. 17). Specifically, the Magistrate Judge recommends dismissing Plaintiff's § 1983 claims against both Defendants in their official capacities as barred by the Eleventh Amendment but finds that Plaintiff's § 1983 claim against Defendant Herzler in his individual capacity survives dismissal. With regards to Plaintiff's state law claims of Intentional Infliction of Emotional Distress ("IIED") and defamation, the Magistrate Judge recommends dismissing both claims as to Defendant Graziano but permitting both claims to move forward as to Defendant Herzler. The Magistrate Judge recommends substituting the Charleston County Sheriff's Department as the proper defendant for Plaintiff's claims of gross negligence and recklessness pursuant to the South Carolina Tort Claims Act ("SCTCA").

## II. Legal Standard

Fed. R. Civ. P. 12(b)(6) permits the dismissal of an action if the complaint fails "to state a claim upon which relief can be granted." Such a motion tests the legal sufficiency of the complaint and "does not resolve contests surrounding the facts, the merits of the claim, or the applicability of defenses . . . . Our inquiry then is limited to whether the allegations constitute 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir.1992) (quotation marks and citation omitted). In a Rule 12(b)(6) motion, the Court is obligated to "assume the truth of all facts alleged in the complaint and the existence of any fact that can proved, consistent with the complaint's allegations." *E. Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 1980). However, while the

2

Court must accept the facts in a light most favorable to the non-moving party, it "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Id.*

To survive a motion to dismiss, the complaint must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the requirement of plausibility does not impose a probability requirement at this stage, the complaint must show more than a "sheer possibility that a Defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint has "facial plausibility" where the pleading "allows the court to draw the reasonable inference that the Defendant is liable for the misconduct alleged." *Id.*

### III.   Discussion

#### A.  Plaintiff's § 1983 Claims

The Magistrate Judge recommends that Plaintiff's § 1983 claims against Defendants in their official capacities be dismissed under the Eleventh Amendment, permitting only Plaintiff's § 1983 claim against Defendant Herzler in his individual capacity to move forward. (*Id.* at 4; *see also Childress v. Charleston Cnty. Sheriff's Off.*, No. 2:13-CV-1008-SB, 2013 WL 3270642, at *4 (D.S.C. June 26, 2013), *aff'd*, 540 F. App'x 191 (4th Cir. 2013) (explaining "[t]he Charleston County Sheriff's Department . . . is immune from suit for damages in this case under the Eleventh Amendment" and "[t]his analysis would also apply to [Defendant], as an employee of the Charleston County Sheriff's Department, acting in her official capacity.")). Defendant Herzler does not object to this portion of the R&R. Finding no clear error, this Court finds that Plaintiff has plead a plausible § 1983 claim against Defendant Herzler in his individual capacity.

### B. Gross Negligence And Recklessness Claims

The Magistrate Judge recommends dismissal of Plaintiff's claims for gross negligence and recklessness as barred by the SCTCA, noting that the Charleston County Sheriff's Office should be substituted as the proper defendant for these claims. (Dkt. No. 17 at 8-9). No party objects to this portion of the R&R. Finding no clear error, the Court agrees that substitution of defendants is warranted and dismisses Plaintiff's gross negligence and recklessness claims as to Defendants Herzler and Grazano.

### C. Defendant Herzler's Objections

Defendant Herzler objects that Plaintiff's IIED and defamation claims against him should be dismissed under the SCTCA, which provides that an individual state employee may be held personally liable for a tort only to the extent that the employee's conduct is "outside the scope of his official duties or which constitutes actual fraud, actual malice, intent to harm, or a crime involving moral turpitude." S.C. Code Ann. § 15–78–60. Defendant Herzler seeks to rely on Section 15-78-30(f) of the statute, which bars a plaintiff from recovering against a state official for "the intentional infliction of emotional harm." However, as determined by the Magistrate Judge, Plaintiff's allegations of "deliberate and malicious behavior" by Defendant Herzler "would take the claims for intentional infliction of emotional distress . . . outside the SCTCA," thereby subjecting Herzler to tort liability notwithstanding his status as a state employee. (Dkt. No. 17 at 7-8). The Court overrules Herzler's objection and finds that Plaintiff's IIED claim against Herzler survives dismissal.

On review of Plaintiff's complaint, the Court finds that Plaintiff has failed to plead a plausible defamation claim and overrules the portion of the R&R recommending that Plaintiff's

4

defamation claim against Defendant Herzler survive dismissal. (*See* Dkt. No. 17 at 7-8). The Court agrees with Defendant Herzler's contention that Plaintiff "provided no actual allegations of malicious statements" and "no factual allegation regarding publication of false or defamatory statements to a third party." (Dkt. No. 18 at 1-2). Plaintiff's vague claim that "Defendants made false and defamatory statements concerning Plaintiff," (*see* Dkt. No. 1-1, ¶ 38), with no specificity as to what statements were made and if and to whom they were published, is insufficient to sustain his defamation claim. *In re Jasper Pellets, LLC.*, 652 B.R. 262, 272 (Bankr. D.S.C. 2023) ("[A] complaint that does not 'state with specificity the time, place, medium, and listener of the alleged defamatory statements' fails to state a claim for defamation.") (quoting *Hughs v. Royal Energy Res., Inc.*, No. 2:20-CV-01566-DCN, 2020 WL 6689132, at *3 (D.S.C. Nov. 12, 2020)); *see also Carson v. Emergency MD, LLC*, 2020 WL 5077655, at *5 (D.S.C. Aug. 25, 2020) ("Many courts applying South Carolina law have found that a lack of specificity in a plaintiff's allegations regarding a defamation claim warrants dismissal.")). Plaintiff's defamation claim against Defendant Herzler is dismissed.

IV.   Conclusion

In light of the foregoing, Defendants' motion to dismiss is **GRANTED IN PART AND DENIED IN PART**. (Dkt. No. 4). The Court **ADOPTS** the R&R as the findings of fact in this case aside from the Magistrate Judge's finding that Plaintiff plead sufficient allegations against Defendant Herzler to sustain his defamation claim, which this Court ovverrules. (Dkt. No. 17 at 8). Plaintiff's § 1983 claims against Defendants in their official capacities, defamation claims against both Defendants and IIED claim against Defendant Graziano are **DISMISSED**. Plaintiff's § 1983 claim against Defendant Herzler in his individual capacity and IIED claim against Defendant Herzler **SURVIVE DISMISSAL**. Plaintiff's gross negligence and recklessness claims

are **DISMISSED** as to Defendants Herzler and Graziano and the Charleston County Sheriff's Office is **SUBSTITUTED** as the proper defendant for these claims.

      **AND IT IS SO ORDERED.**

                                            s/ Richard Mark Gergel
                                            Richard Mark Gergel
                                            United States District Judge

August 5, 2025
Charleston, South Carolina